ALAN E. PHILBRICK, PLAINTIFF, v. NATALIE G. BOYCE, ADMINISTRATRIX, ETC., OF J. RAYMOND BOYCE. DECEASED, DEFENDANT.

Argued October 26, 1929—Decided November 6, 1929.

Before Justice PARKER.

For the plaintiff, *McDermott, Enright & Carpenter.*

For the defendant, *Fred G. Stickel, Jr.*

The opinion of the court was delivered by

PARKER, J. The suit is by payee against the administratrix of the maker of a promissory note for $12,000 dated

December 9th, 1915, payable on its face one year after date, but with the following qualifying clause: "This note is not negotiable and is subject to the terms of an agreement between the parties of even date herewith, without interest." The complaint sets forth a copy of the contemporaneous agreement. From the recitals and implications of this instrument it is plain that the parties had been in partnership; that the partnership had resulted in losses, all of which plaintiff was obliged to pay because deceased was unable to pay his share; that such share was stipulated at $12,000, the amount of the note, and that the note was made and received "in full payment, satisfaction and discharge of any and all liability from [Boyce] in favor of" (plaintiff); the note to stand automatically extended from year to year upon the payment of $25 each year before the annual due date, such payment to be applied on principal, "it being understood and agreed, however, that any unpaid balance of said note shall immediately become due and payable upon the receipt by the party of the second part [Boyce] of an inheritance from the estate of his grandfather William Ball deceased, in excess of the unpaid balance of the said promissory note." The last clause of the agreement provides that it is intended as a compromise and final adjustment of all liability arising out of the partnership, for which either party is liable in any manner whatever.

The nub of the case appears in the fifth defense set up in the answer, and conceded on the argument to be true, viz., that by the will of Boyce's grandfather, the income of the estate had been given to Boyce's mother for life, and at her death, her children then living, and the issue of children then deceased, should receive the *corpus* of the grandfathers' estate, share and share alike, *per stirpes;* that Boyce died in the lifetime of his mother and hence never became entitled to take his share in possession, his right in remainder having passed to his children. It was further admitted on the argument, and appears in the affidavit of the defendant administratrix, that Boyce's mother is still living and in enjoyment

of the income from the Ball estate. The annual payments of $25 have been regularly made.

It is plain that the contingency contemplated by the agreement as maturing the note, can never occur; and because of this fact it is urged for the plaintiff that the state of affairs brought about by the untimely death of Boyce before he came into his remainder, works a maturity of the note *ipso facto*. For the defense, the argument is that because of the death of Boyce the note can never become due.

I am unwilling to accede to this view of the legal situation, but it is unnecessary to pass on it at this time, because it seems clear that plaintiff cannot succeed under present conditions. The note was made and accepted in full settlement of the original debt; it was to run a year, and be renewed from year to year so long as the $25 annual payments should be kept up; in case of default in any such payment the note would not be renewed and of course would mature. This seems to have been the fundamental agreement. But whether the payments were made or not, the note would mature, in any event on Boyce coming into his remainder. It seems most improvident for plaintiff to have agreed in this form without any provision in case Boyce could never come into that remainder; but the courts cannot remake the contract, absurd as it seems to accept a note without interest and with an annual installment purely nominal in amount. As I read these papers, the note is not due and cannot become due unless and until a $25 payment is defaulted, or as a bare possibility, when the life tenant dies.

The motion to strike out the answer is denied, and that to strike out the complaint granted, with final judgment as on a plea in abatement that the writ of summons be quashed.

At the argument, counsel for plaintiff intimated that he desired to amend the complaint. That amendment has been made, but it contains nothing which should lead to any change in the result above reached.